```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS LUGO,

                    Petitioner,
                                                        ORDER
        -against-                                       11-cv-3715 (SJF)

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAY 14 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On July 29, 2011, Carlos Lugo ("petitioner") commenced this action against the United States of America ("the government") pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of personal property, including sunglasses, a wedding ring, an Apple MP3, his passport, a set of keys and "[t]he plastic folder that containing [sic] all original legal documents," (Motion for Return of Seized Property ["Mot."] at 1), seized from his apartment following his arrest. For the reasons set forth below, petitioner's motion is denied.

I.      BACKGROUND

Petitioner was arrested on May 21, 2007, (Declaration of Scott J. Knox[1] dated September 14, 2011 ["Knox Decl."], ¶ 3), and charged with conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). See United States v. Lugo, No. 2:07-cr-00516-SJF-MLO-2. Upon his consent, the arresting agents brought petitioner to his

---

[1] Scott J. Knox ("SA Knox") is a special agent with the Drug Enforcement Agency ("DEA"), United States Department of Justice, (Knox Decl., ¶ 1), and was one of the agents who arrested petitioner, (id., ¶ 3).

1

apartment and conducted a search of the apartment. (Knox Decl., ¶ 4). During the search, the agents seized the following items: "[a] clear plastic baggie containing a green leafy substance (suspected marijuana);" "[m]iscellaneous documents and papers;" two (2) Dominican Republic passports in the name of "Ricardo Lowilkn CAMPAN-HERRERA," one with #3880747 and one with #2388542; an "I-Pod Nano, Boost Mobile Motorola cellular phone, keys, sunglasses and miscellaneous personal property;"[2] three (3) more "Boost Mobile Motorola cellular phone[s];" "[m]iscellaneous papers and two Boost Mobile 'Re-Boost' cards;" "[m]iscellaneous documents including numerous money transfer receipts;" a "Dominican Republic Passport #3566557 in the name of Carlos Bienvenido LUGO-HERRERA;" a "New York State Driver's License #190011799 in the name of Carlos B. LUGO;" more "[m]iscellaneous documents;" "[a] brown wallet containing miscellaneous business cards;" "[m]iscellaneous cards including New York State Identification Card #395831537 in the name of Eugenio GORJE, Dominican Republic Identification Card #74231 in the name of Ricardo CAMPANA H, and a Florida State Identification Card #C515-732-79-123-0 in the name of Ricardo Lowilkyn CAMPANA;" "[a] blue folder containing miscellaneous documents;" "[a] 3" x 5" Memo book;" "[a] Sentry Model 1100 safe;" "[a] Social Security Card #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 and Puerto Rico Birth Certificate in the name of David Jose ORTIZ-VELEZ;" and "[m]iscellaneous compact disks and papers." (Id., ¶ 6).

On April 14, 2010, petitioner was sentenced, upon his plea of guilty to Count One (1) of the superseding indictment against him charging him with conspiracy to distribute and possess

---

[2] According to Knox, the "miscellaneous personal property" consisted of a bandana and a tube of Chapstick. (Knox Decl., ¶ 9 n. 2).

with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1), to a term of imprisonment for eighty-four (84) months. See United States v. Lugo, No. 2:07-cr-00516-SJF-MLO-2, Doc. No. 408. On July 29, 2011, petitioner commenced this action seeking the return of certain property seized by the DEA agents during the search of his apartment.

According to SA Knox, six (6) sets of miscellaneous documents and papers seized from petitioner's apartment were returned to his attorney, Sally Butler, as of February 7, 2008, (Knox Decl., ¶¶ 7-8, 14), and "[a]ll of the remaining documents * * * may be returned to petitioner with the following exceptions: the plastic baggie containing suspected marijuana * * *; and two Dominican Republic passports, #3880747 * * * and #2388542 * * *, both in the name of Ricardo Lowilkn Campan-Herrera." (Id., ¶ 15). SA Knox avers that the government may not return: (1) "the suspected marijuana because it is possible contraband[;]" and (2) "the passports to petitioner because they are not in his name." (Id., ¶ 17). In addition, SA Knox avers that the sunglasses; MP3 player, which he assumes refers to the I-Pod Nano; and keys "are in DEA's possession and may be returned to petitioner." (Id., ¶ 9). According to SA Knox, "[t]o receive the items in DEA's possession that may be returned to him, petitioner should have a designee contact the undersigned to arrange for pick-up." (Id., ¶ 18).

However, SA Knox avers that the "DEA is not in possession of [petitioner's] wedding ring * * *, nor is it listed anywhere in DEA's records as an item seized pursuant to the consent search." (Id., ¶ 10). According to SA Knox, if petitioner "had been wearing jewelry at the time [the DEA agents] transported him from his apartment, [they] would have instructed him to leave the jewelry in his apartment * * * [because] the United States Marshals Service ("USMS") [to whose custody they were transporting petitioner] does not allow a prisoner to have jewelry on his

3

person while in its custody." (Id., ¶¶ 10-11). In addition, SA Knox avers that the government "may not return [petitioner's passport] to petitioner, because it is DEA policy to return the passport of an arrestee to an embassy of the nation that issued it, in this case the Dominican Republic." (Knox Decl., ¶ 12).

In reply, petitioner seeks, *inter alia*, the return of "the rest of [the] items listed on [SA Knox's declaration]" and "equitable or legal damages for the loss of [his] wedding ring." (Reply at 2).

## II. DISCUSSION

Rule 41(g) of the Federal Rules of Criminal Procedure authorizes "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return "in the district where the property was seized." Under Rule 41(g), federal courts "have equitable jurisdiction * * * [to] order the return of property that is in the hands of the government." Bertin v. United States, 478 F.3d 489, 492 (2d Cir. 2007); see also Diaz v. United States, 517 F.3d 608, 611 (2d Cir. 2008) (accord). Nonetheless, "[a] defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property." Lavin v. United States, 299 F.3d 123, 128 (2d Cir. 2002); see also United States v. Sabatino, Nos. 07-2460-cr(L), 08-0628-cr(CON), 2009 WL 248009 at * 1 (2d Cir. Feb. 3, 2009) (summary order) ("While a criminal defendant is presumptively entitled to the return of his property once it is no longer needed as evidence, . . . the Government may retain the property if it has a legitimate reason for doing so . . . ." (quotations and citation omitted)).

Since "[a] Rule 41(g) motion that is brought after the criminal proceeding is over is

4

treated as a civil equitable action," Diaz, 517 F.3d at 610; see also De Almeida v. United States, 459 F.3d 377, 379-80 (2d Cir. 2006) (accord), "it 'is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction.'" United States v. Zaleski, 686 F.3d 90, 92 (2d Cir. 2012), cert. denied, 133 S. Ct. 554, 184 L. Ed. 2d 360 (2012) (quoting De Almeida, 459 F.3d at 382). Moreover, "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." De Almeida, 459 F.3d at 382 (quotations and citations omitted).

As indicated by SA Knox, the government is willing to return all of petitioner's property with the exception of "the suspected marijuana because it is possible contraband," (Knox Decl., ¶ 17); the two (2) Dominican Republic passports in the name of "Ricardo Lowilkn CAMPAN-HERRERA" because they are not in petitioner's name; and petitioner's wedding ring and passport because they are not in its possession. The government (1) cannot return items which it does not possess, i.e., petitioner's wedding ring and passport; and (2) clearly has a legitimate reason for retaining what it suspects to be contraband. See U.S. v. David, 131 F.3d 55, 59 (2d Cir. 1997) ("[U]pon the termination of criminal proceedings, seized property, *other than contraband*, should be returned to the rightful owner." (emphasis added) (quotations and citation omitted)); Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) ("To prevail on a [Rule 41(g)] motion, a [petitioner] must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) *the property is not contraband*; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." (emphasis added) (quotations and citation omitted)); see also In re Application of Madison, 687 F. Supp. 2d 103, 109 (E.D.N.Y. 2009) (accord). With respect to the two (2) passports in the name of "Ricardo

Lowilkn CAMPAN-HERRERA," petitioner "is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession." Sabatino, 2009 WL 248009 at * 1 (quoting Ferreira, 354 F. Supp. 2d at 409). Since the government is willing to return the remaining property seized from petitioner's apartment once Knox is contacted by petitioner's designee "to arrange for pick-up," (Id., ¶ 18), "there is no need for an order compelling return of [such] property * * *." Lavin, 299 F.3d at 128. Accordingly, petitioner's motion seeking the return of the property seized from his apartment pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is denied in its entirety.

Moreover, to the extent that petitioner seeks to be compensated for the purported loss of his wedding ring, Rule 41(g) "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Diaz, 517 F.3d at 611 (quoting Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004)); see also Bertin, 478 F.3d at 492 (accord). "As to civil equitable actions brought for the return of property after the conclusion of criminal proceedings, 'such equitable jurisdiction does not permit courts to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return.'" Diaz, 517 F.3d at 611 (quoting Adeleke, 355 F.3d at 151). Accordingly, petitioner's claim seeking damages for the purported loss of his wedding ring, is "jurisdictionally barred by the principle of sovereign immunity." Id., at 613.[3]

---

[3] Nor may petitioner's motion be liberally read to state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. See Diaz, 517 F.3d at 613 (holding that although the FTCA "waives sovereign immunity, *inter alia*, for 'claims against the United States, for money damages . . . for loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[,]' [28 U.S.C.] § 1346(b)(1)[,] * * * [t]his waiver * * * is made subject to the detention exception, § 2680(c) of the FTCA, which bars claims 'arising in respect of . . . the

III. CONCLUSION

For the foregoing reasons, petitioner's motion seeking, *inter alia*, the return of his seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is denied in its entirety. The Clerk of the Court shall enter judgment in favor of the government, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

SO ORDERED.   s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 14, 2014
       Central Islip, New York

---

detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.' 28 U.S.C. § 2680(c) * * *."); Bertin, 478 F.3d at 492 (holding that the detention exception, Section 2680(c) of the FTCA, "includes 'a claim resulting from negligent handling or storage of detained property.'" (quoting Kosak v. United States, 465 U.S. 848, 854, 104 S. Ct. 1519, 79 L. Ed. 2d 860 (1984)). Since, *inter alia*, petitioner's wedding ring was not seized for the purpose of forfeiture, the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, is not applicable. See Ali v. Federal Bureau of Prisons, 552 U.S. 214, 221-22, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008); Diaz, 517 F.3d at 613-14. Accordingly, any claim for damages under the FTCA is barred by the principle of sovereign immunity. See, e.g. Bertin, 478 F.3d at 492.